**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|             Plaintiff,                             ) | |
|                                                         ) | |
| v.                                                   ) | CASE NO.  4:13-cv-530 |
| CHRISTOPHER EWING and             ) | |
| WELLS FARGO HOME MORTGAGE,  ) | |
|             Defendants.                         ) | |

**UNITED STATES OF AMERICA'S COMPLAINT**

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this Complaint against defendants, Christopher Ewing ("Ewing") and Wells Fargo Home Mortgage and states:

**NATURE OF ACTION**

1.      This is a civil action brought by the United States pursuant to 26 U.S.C. §§ 7401, 7402 and 7403 to reduce to judgment federal tax liabilities assessed against Ewing and to foreclose on real property owned by Ewing.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1340 and 1345.

3.      Venue of this action properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396.

**THE PARTIES**

4.      Plaintiff is the United States of America.

5. Defendant, Ewing, is the taxpayer in this action and can be served in Carrollton, Denton County, Texas, which is within the jurisdiction of this Court.

6. Defendant, Wells Fargo Home Mortgage, can be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 N. St. Paul St., Dallas, Texas 75201.  Wells Fargo Home Mortgage is named a party to this suit because it has a mortgage on the property described in paragraph 10, below.

## THE TAX LIABILITY

7. A delegate of the Secretary of the Treasury assessed against, and gave notice and demand for payment to Ewing for income taxes, penalties, statutory additions, and interest for each of the years from 1995 - 2008.  The table below shows the type of tax or penalty, tax period, assessment date, and the total due as of April 11, 2013, by year.

| TYPE OF TAX | TAX PERIOD | DATE OF ASSESSMENT | AMOUNT DUE THROUGH April 11, 2013 |
| --- | --- | --- | --- |
| 1040 | 1995 | 8/21/2000 | $95,913.00 |
| 1040 | 1996 | 8/21/2000 | $57,122.98 |
| 1040 | 1997 | 8/21/2000 | $52,895.40 |
| 1040- | 1998 | 8/4/2003 | $39,535.47 |
| 1040 | 1999 | 3/4/2003 | $70,778.97 |
| 1040 | 2000 | 11/15/2004 | $96,596.18 |
| 1040 | 2001 | 11/15/2004 | $89,043.62 |
| 1040 | 2002 | 11/15/2004 | $18,494.05 |
| 1040 | 2003 | 12/29/2008 | $29,681.84 |
| 1040 | 2004 | 12/29/2008 | $40,765.68 |

| TYPE OF TAX | TAX PERIOD | DATE OF ASSESSMENT | AMOUNT DUE THROUGH April 11, 2013 |
|---|---|---|---|
| 1040 | 2005 | 12/29/2008 | $15,943.18 |
| 1040 | 2006 | 5/4/2009 | $19,708.93 |
| 1040 | 2007 | 9/21/2009 | $154,941.36 |
| CIV. PEN.[1] | 2005 | 2/8/2010 | $11,007.25 |
| CIV. PEN. | 2006 | 1/11/2010 | $22,277.68 |
| CIV. PEN. | 2007 | 11/09/2009 | $16,695.64 |
| CIV. PEN. | 2008 | 2/8/2010 | $11,152.02 |
| 1040 | 2008 | 7/27/2009 | $596.47 |
| TOTAL | | | $828,562.06 |

8.  Proper notices of and demand for payment of the assessments referred to above were mailed to Ewing on or about the date of the assessments.

9.  The United States recorded Notices of Federal Tax Liens against Ewing in the real property records of Denton County, Texas, on November 21, 2005; September 2, 2009; November 2, 2009; November 3, 2009; January 20, 2010; February 16, 2010; April 6, 2010; and January 18, 2012.

---

[1] Each of the penalties assessed against Ewing were made pursuant to 26 U.S.C. § 6702 for the making of Frivolous Tax Submissions.

## THE SUBJECT PROPERTY

10. Ewing is the owner of certain real property located in Carrollton, Denton County, Texas 75007, and further described as follows:

>  BEING LOT 10, BLOCK 8 OF NOTTINGHAM ESTATES NO. 1-A, AN ADDITION TO THE CITY OF CARROLLTON, DENTON COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 11, PAGE 34, PLAT RECORDS, DENTON COUNTY, TEXAS.

This property is the personal residence and homestead of Ewing.

## COUNT I

### (Reduce Assessments to Judgment)

11. The United States is seeking a judgment that determines Ewing's indebtedness to the United States on account of the tax and penalty assessments described above.

## COUNT II

### (Foreclose Federal Tax Liens)

12. The United States is seeking to enforce its federal tax liens against the property described above to pay the income tax liabilities, penalties and interest of Ewing.

13. Pursuant to 26 U.S.C. § 6321, federal tax liens attached to Ewing's interest in the property upon the assessments of the taxes and penalties set forth in paragraph 7 above. These liens were perfected against third party creditors when the notices of federal tax liens were filed. The United States seeks to foreclose the liens and sell the property.

## COUNT III

### (Ten Percent Surcharge for Costs of Collection)

14. 28 U.S.C. § 3011 authorizes the United States to recover a surcharge of 10% of the amount of the debt in the event that the United States avails itself of the pre-judgment or post

judgment relief as set forth in Subchapter B or C of the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001 *et. seq.*, in order to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

### AFFIRMATIVE ALLEGATIONS CONCERNING THE STATUTE OF LIMITATIONS THAT ALL ASSESSMENTS WERE TIMELY MADE AND THAT THE STATUTE OF LIMITATIONS FOR COLLECTION HAS NOT EXPIRED

15.     26 U.S.C. § 6501(a) provides the general rule that the statute of limitations for assessing taxes expires three years after a tax return is filed.  However, an exception to the general rule is 26 U.S.C. § 6501(c)(3), which provides that the statute of limitations on assessments does not apply if a taxpayer never filed the requisite return.  Ewing did not file income tax returns for any of the years from 1995 - 2006.  Therefore, the assessments against him for those years were all timely made.

16.     26 U.S.C. § 6502(a) provides the general rule that the statute of limitations for collecting taxes expires ten years after an assessment is made.  However, an exception to the general rule is contained in 26 U.S.C. § 6330(e)(1).  Section 6330(e)(1) provides that the statute of limitations on collections is suspended while a taxpayer has a case pending before the Internal Revenue Service Appeals section plus 90 days after a final decision is rendered.  These appeals are commonly known as Collection Due Process appeals.  26 U.S.C. § 6330.  Ewing had such a case pending from December 13, 2005 - December 11, 2008.  The statute was extended for a further 90 days until March 11, 2009.  The earliest any statute of limitations would run on collecting Ewing's liabilities is November 13, 2013.  This date is calculated as follows:

    Assessment date for 1995 - 1997:        August 21, 2000
    plus ten years per 26 U.S.C. § 6502(a):    August 21, 2010

   plus 1,184[2] days while Collection Due
   Process was running and 90 days
   after the decision was final      November 13, 2013.

Therefore, the statute of limitations on collection is still open for all years and this suit is timely.

  FOR THESE REASONS, the United States requests the Court to Order,

  A. That Christopher Ewing is indebted to the United States in the amount of $828,562.06, as of April 11, 2013, plus penalties, statutory additions and interest from that date, and that the United States have judgment against him for that amount;

  B. That the property described above is subject to the claim of the United States; the Court determine the validity of the claims of the defendants named herein against the property; and also determine the priority of all respective claims as against the claim of the United States;

  C. That the United States has valid federal tax liens against the property, that said liens be foreclosed, and the property be sold in accordance with the law and practice of this Court, and that the proceeds of such sale be distributed in accordance with the findings of the Court and the rights of the parties;

  D. That the United States is entitled to the 10% litigation surcharge set forth in 28 U.S.C. Section 3011; and,

---

[2] Attached as Exhibits 1 and 2 are the calculation from the web site www.timeanddate.com showing how the 1,184 days was determined, and the calculation showing how the date of November 13, 2013, was determined.

E.	That the United States have such further relief as this Court may deem just and proper, including its costs.

>SARAH R. SALDANA
>United States Attorney
>
>/s/ Jon E. Fisher
>JON E. FISHER
>State Bar No. 550177-MA
>Attorney, Tax Division
>Department of Justice
>717 N. Harwood, Suite 400
>Dallas, Texas  75201
>(214) 880-9730
>(214) 880-9774 (facsimile)
>Jon.Fisher@usdoj.gov
>
>ATTORNEYS FOR UNITED STATES