IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:13-CV-530 |
| | § | |
| CHRISTOPHER EWING and | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT EWING'S MOTIONS TO DISMISS

The following are pending before the court:

1. Defendant Ewing's motion to dismiss (docket entry #9); and

2. United States' response in opposition to Christopher Ewing's motion to dismiss, or, in the alternative, United States' motion and brief for additional time to serve Christopher Ewing (docket entry #12).

---

1. Defendant Ewing's motion to dismiss due to violation of Federal Rule 4(m) and Rule 4(c)(2) (docket entry #14);

2. United States' response in opposition to Christopher Ewing's motion to dismiss due to violation of Federal Rule 4(m) and Rule 4(c)(2) (docket entry #15); and

3. Defendant Ewing's "A Question to be Answered" (docket entry #26).

Having considered Defendant Ewing's motions to dismiss and the responsive briefing thereto, the court finds that the motions should be denied.

## BACKGROUND

On August 14, 2013, the Plaintiff sent a pre-suit letter to the Defendant by certified mail. The

Plaintiff sent the letter to the Defendant at 1029 Hampshire Lane, Carrollton, Texas 75007. In the letter, the Plaintiff advised the Defendant of its intention to file suit against the Defendant in an effort to collect unpaid income taxes for tax years 1995 – 2008, as well as any penalties. The Plaintiff notified the Defendant that the amount due for all assessments was $828,562.06 as of April 11, 2013. The Plaintiff invited the Defendant or his counsel to contact the Plaintiff regarding arrangements for payment or settlement of the Defendant's tax liability in an effort to avoid litigation. The Plaintiff advised the Defendant that if such arrangements could not be made, the Plaintiff would commence suit within thirty days after August 14, 2013.

After receiving the Plaintiff's pre-suit letter, the Defendant contacted the Plaintiff on September 13, 2013. During the conversation, the Defendant indicated to the Plaintiff that he had mailed a letter to the Plaintiff in response to the pre-suit letter. The Plaintiff received the Defendant's letter on September 16, 2013. On the letter, the Defendant listed his address as 1029 Hampshire Lane, Carrollton 007, Texas, Tax Excepted, Zip Exempt.

On September 13, 2013, the Plaintiff filed its complaint seeking to reduce to judgment certain federal income tax liabilities owed by the Defendant and to foreclose on certain real property owned by the Defendant. The summons to the Defendant was issued on September 16, 2013. On October 24, 2013 and again on October 29, 2013, Internal Revenue Service Revenue Officer Michelle Brown attempted to personally serve the Defendant three times at his residence. Although efforts at personal service were unsuccessful, Revenue Officer Brown noticed that the Defendant's truck was parked at the residence on two of the occasions that she attempted personal service.

Thereafter, the Plaintiff mailed the Defendant a copy of the summons and complaint by certified mail on November 4, 2013 as permitted by Local Rule CV-4(d)(2) and Tex. R. Civ. P.

106(a)(2). The Plaintiff mailed the same to 1029 Hampshire Lane, Carrollton, Texas 75007. The summons and complaint were returned to the Plaintiff on December 4, 2013. The envelope bore a stamp stating:

> RETURN TO SENDER
> UNCLAIMED
> UNABLE TO FORWARD
> RETURN TO SENDER.

On February 13, 2014, counsel for the Plaintiff, Jon E. Fisher, personally went to the Defendant's home at 1029 Hampshire Lane, Carrollton, Texas 75007 to serve the Defendant with the summons and complaint. Mr. Fisher rang the doorbell, and an adult woman answered the door. After discussing the purpose of his visit with the woman for a few minutes, the woman opened the door. Mr. Fisher then handed the woman a copy of the summons and complaint. The woman accepted the documents from inside the house. The woman eventually closed the door while still maintaining possession of the summons and complaint.

Thereafter, the Defendant filed two motions to dismiss. The Defendant argues that the Plaintiff failed to timely effect service of process. The parties agree that the 120 day period to timely effect service of process expired on January 11, 2014. Since the Plaintiff did not serve the Defendant with process until February 13, 2014 (153 days after the complaint was filed), the Plaintiff was 33 days late serving the Defendant. The Defendant further contends that service was "abandoned and dropped at the door to a homeless woman . . ." Finally, the Defendant argues that since a party may not serve a summons or complaint, service was improper because counsel for the Plaintiff effected service. Likewise, the Defendant contends that the unsuccessful attempts at service were improper because those attempts were made by a party (an IRS Revenue Officer). As such, the Defendant

moves to dismiss the complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## **DISCUSSION AND ANALYSIS**

"Rule 12(b)(5) allows a defendant to file a motion to dismiss for insufficient service of process." *Holmes v. All American Check Cashing, Inc.*, 2015 WL 1166629, *1 (N.D. Miss. March 13, 2015), citing FED. R. CIV. P. 12(b)(5). "A district court 'enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process.'" *Id.*, quoting *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). "Dismissal pursuant to Rule 12(b)(5) has been held to be an 'extreme sanction.'" *Id.*, citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). "When service of process is challenged, the serving party bears the burden of proving its validity or showing good cause for failure to effect timely service." *Id.*, citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

"Rule 4(m) [of the Federal Rules of Civil Procedure] permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint." *Millan v. USAA General Indemnity Co.*, 546 F.3d 321, 325 (5th Cir. 2008), citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service." *Id.*, citing *Thompson, supra*. "Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Id.*, citing *Thompson, supra*. "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id.*, quoting FED. R. CIV. P. 4(m) advisory committee's note (1993).

Here, the Plaintiff attempted to serve the Defendant with personal service on three separate

occasions in October 2013. Further, when the Plaintiff's efforts at personal service failed, the Plaintiff attempted to serve the Defendant by certified mail in November 2013. After the certified mail was returned to the Plaintiff as undeliverable on December 4, 2013, the Plaintiff's counsel personally served the summons and complaint on an adult woman at the Defendant's residence on February 13, 2014.

While it is apparent that the Plaintiff was initially diligent in attempting to serve the Defendant, the court questions the over two month delay from the time the certified mail was returned as undeliverable (December 4, 2013) to the time the Defendant was finally served (February 13, 2014). The Plaintiff provided the court with no explanation for this delay; however, the court need not ultimately answer this question. As provided in the advisory committee's note, the court may grant a discretionary extension of time to serve the Defendant if the applicable statute of limitations would bar the refiled action or if the Defendant evaded service. According to the Plaintiff, both provisions apply. The Plaintiff argues that if the court were to dismiss this case, the applicable statute of limitations might bar the Plaintiff from including tax years 1995 – 1997 in a subsequent lawsuit against the Defendant. Further, the facts show that the Defendant was evading service. As noted above, although Revenue Officer Brown noticed that the Defendant's truck was parked at the residence on two of the occasions that she attempted personal service, the Defendant did not answer the door. Additionally, even though the certified mail was sent to the Defendant at the correct address, the Defendant refused to sign for the certified mail.

Based on the foregoing, the court finds that it has discretionary authority to grant an extension of time for the Plaintiff to effect service. Although the Plaintiff's request for an extension of time to effect service has expired, the court shall grant the Plaintiff's request. Accordingly, the

court hereby **GRANTS** the Plaintiff's request for a 33 day extension of time in which to effect service of process on the Defendant.

Having granted the Plaintiff's request for an extension of time to serve the Defendant, the court turns to the Defendant's remaining arguments. First, the Defendant argues that the Plaintiff abandoned process at the door of his home with a homeless woman. According to Mr. Fisher's declaration, however, Mr. Fisher himself personally handed a copy of the summons and complaint to a woman who opened the door from inside the home. The woman apparently accepted the copies of the documents and then closed the door to the house. Accordingly, the court finds the Defendant's argument lacks merit.

Second, the Defendant argues that Mr. Fisher, as the attorney for the Plaintiff, was not permitted by law to serve the Defendant with process. However, the Defendant's argument is contrary to law; an attorney for a party may serve a summons and complaint. *See Play by Play Toys & Novelties, Inc. v. De Chai Industria e Commercio de Roupas LTDA*, 2000 WL 33348787, *3 (W.D. Tex. 2000).

Finally, the Defendant argues that the unsuccessful attempts at service were improper because those attempts were made by a party (an IRS Revenue Officer). However, since the IRS and its agents are not parties to this lawsuit, an IRS agent could properly serve (or attempt to serve) the Defendant. *See Kish v. Rogers*, 2008 WL 2463819, *5 (S.D. Tex. 2008).

Based on the foregoing, Defendant Ewing's motion to dismiss (docket entry #9) and Defendant Ewing's motion to dismiss due to violation of Federal Rule 4(m) and Rule 4(c)(2) (docket entry #14) are hereby **DENIED**. The Plaintiff's motion for additional time to serve Christopher Ewing (docket entry #12) is hereby **GRANTED**.

IT IS SO ORDERED.

**SIGNED this the 30th day of March, 2015.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE